Welcome to the first day of our panel sitting here in Atlanta, where I hear the summer has arrived. It's been in Miami for a little while longer. I hope you're familiar with our lighting system. When the yellow light goes on, that means that your time is drawing to a close, so please begin to wrap up. If we take you beyond the red light, don't worry about it. Just keep on going as long as we're talking to you. And with that, we're ready to begin with our first case, which is number 24-13539, United States v. Damarious Brown. Mr. Young Good morning. May it please the Court. Mr. Brown's statement of his subjective belief was not offered for the truth of the matter asserted. Thus, it was admissible under Rule 801 and this Court's precedent in pairing. Can I ask you just a question? So you said his statement of subjective belief. I guess I thought what you would have said is his statement of objective fact was not offered to prove the truth of the matter asserted. Your Honor, in hindsight, I should have said that, because you're right. The statement that he said was, the operative part of it was, technically I'm not a convicted felon. That is a statement of objective fact. But we offered it for the purpose of showing his subjective belief. We did not offer it to show, to prove the truth of the matter that he asserted in that statement. He said, technically I'm not a convicted felon. We did not offer that to prove that he was not a convicted felon, because we conceded that he was a convicted felon. And under Rule 801, it defines hearsay as a statement that a party offers an evidence to prove the truth of the matter asserted in the statement, and we did not do that. Therefore, the statement was not hearsay. Can I ask you a question? I suspect that the other side has some understandable suspicion about the nature of jailhouse call because, and you can tell me if I'm wrong about this, but it occurred on the same day that he was arraigned and that he had been appointed a lawyer. So is there this kind of come-on factor that like, hey, you need to get on the phone and say these things? No, let me address that concern first and then say why it doesn't matter. No, because the day of the arraignment, you have not received any discovery. You have met with your counsel probably for 30 minutes, and this would have come out at trial had this been admitted, to give the jury some context. You meet with the attorney who knows nothing about your case. You know nothing about your case, and he's, if anything, it lends credibility to his statement because he's on the phone saying, what is going on here? I'm not a convicted felon, and they're saying I am because all he is being read that day is, here's the crime, and that's it. And the attorney has had no time to discuss it with him. And so if anything, it lends – But he knows they're saying he's a convicted felon. Correct, because the arraignment, at the arraignment, he's read that he's being charged with being a convicted felon in possession of a firearm. And he's saying, wait, but I'm not. So that's the one thing he could say that would be exculpatory. I mean, he would have the information to make that statement at that point, so I guess I don't understand your argument. What I'm saying is that his statement is absolutely exculpatory because he doesn't think he's a convicted felon. But none of this matters. Right now we are having a colloquy that really should be delivered to the jury at closing arguments. I understand the government's argument, this come-on factor. That's a perfect argument that they can make to the jury. And in fact, they later wanted to introduce – they didn't, but they thought about introducing a later jail call, which they say shows that my client actually knew he was a convicted felon. Isn't that the way it all started, that the government told the district court that it wanted to introduce certain of those statements that your client made from jail? Correct. And then you said that you wanted to introduce these others under the rule of completeness. And then the government withdraws the statements it wants to introduce, but you maintain you still want to introduce your statements. Correct. And so our statement that we tried to offer, like the one in Perry, should have been admitted, of course, with the limiting instruction. And the government's – what appears to be their main argument is that – Tell me how you think Perry fits here. Sure. In Perry, the defendant made a statement, and this court held that it was not hearsay because it was not offered for the truth of the matter that he asserted, which is that he had been talking to undercover agents. Instead, his – This is the statement that he, the defendant, had made to his mother. Correct. Right. Something to the effect of – we only have the mother's, and she wasn't quoting directly, but something to the effect of I'm talking to an undercover agent. And so the defense wanted to offer that statement to show his subjective belief, not to prove one way or another whether they were, in fact, undercover agents or not. Similarly here, we are offering a statement. It happens to be by the defendant, though I would argue that's not even relevant in Perry, but it happens to be by the defendant, a non-hearsay statement. He makes a statement of objective fact, but we're not offering to prove the truth of the matter asserted, and thus it should have come in with a limiting instruction like in Perry. And so the other side, of course, says, well, look, Perry's different because the defendant there testified. Correct. And we would respond that nowhere in Perry does it suggest that that holding depends on whether the defendant testified or not. And, in fact, the government does not cite a single case in the 45 years after Perry that interprets Perry that way. They attempt to, but we explain in the brief how they're not on point. And certainly no binding precedent interprets it that way. And that's not surprising because there's no text in the federal rules of evidence anywhere that says that an otherwise admissible statement magically becomes inadmissible when the defendant chooses not to testify. And the Congress could write that rule in if they wanted to. Right. I mean 8033 says that certain statements are not excluded regardless of whether the declarant is available as a witness. Correct, Your Honor. And, of course, this does kind of, I will acknowledge, of course, we have both the 801 and the 8033 argument. I think we win on either of those independent bases. But it is rather coincidental that the analysis is quite similar for both. And you're right, Your Honor, the whole point of those hearsay exceptions is that they come in whether or not the person is able to testify. And here Mr. Brown made a statement of his then existing belief and, therefore, it also comes in under Rule 8033 regardless of whether he testifies or not. What about the issue of the remoteness of the statement with respect to when the possession allegedly took place because they're separated by a certain amount of time? Correct. His statement was relevant because it did have a tendency to make the operative fact, the important fact, more probable. He was arrested in 2021. So the question is did he know he was a convicted felon in 2021? We had proof that he thought he was a convicted felon in 2017. We wanted to introduce proof that he thought he was a convicted felon in 2023. And if we had, that would make it more likely that he was not a convicted felon. Thank you. On your side that he was not. Thank you. We had proof that he did not believe he was a convicted felon in 2017. We had proof that he did not think he was a convicted felon in 2023. And, therefore, it is more likely that he did not think he was a convicted felon in 2021. And that is why it is relevant. Tell me about the government's reliance on some of our cases which have language indicating that a defendant is not permitted to introduce favorable mitigating exculpatory statements unless he or she takes the stand. What do you make of those cases and what they seem to say? Let me address that language first and then explain how those two cases are distinguished. That language, the way I read it, and the discussion is very short, so I'm trying a little. But that language is describing a purpose of the hearsay rule. And I think sometimes in opinions, judges want to explain the purpose of a rule that they are enforcing. But here, the government takes that explanation and it's almost wagging the dog. It then tries to kind of say because of that purpose, he shouldn't be allowed to do that here. And the district court did the same thing. But I think we're getting very much a feel from the actual text of the rules. Willis and Cunningham both involved hearsay statements. They were offered to prove the truth of the matter asserted. That's one way in which they're distinguishable. Because, for instance, in Willis, right, the statement was, at least according to our opinion, that he thought the plane contained only mail. Then, you know, your side tries to introduce it to prove that he thought the plane only contained mail. Perfect match, hearsay, obvious. Your position is that this is different because the statement here was a statement of objective fact that you're now seeking to introduce to prove a subjective state of mind. That, and also I would add, and we made this argument below, so yes, that is one way. But that – can I interrupt for a second? Yes. I'm not sure that that – if that statement in that case was introduced only for state of mind, I'm not sure it was hearsay. You say it was hearsay and therefore the case is distinguishable. But if a statement is I didn't think the plane contained drugs, you're not introducing it to show that the plane didn't contain drugs. Correct. You're introducing it to show that you didn't believe it contained drugs, and that's a parallel to your statement here. The question is not whether or not he was a convicted felon but whether he believed he was a convicted felon. Not quite because at least the way I read it – and again, we're trying to squeeze a lot out of a few sentences. The way I read those cases in both of them, both of them were expressing a statement of their past belief, past belief. Here, Mr. Brown is saying what he thinks in 2023. If Mr. Brown had said, wait a second, back in 2021, I didn't think I was a convicted felon, we would 100 percent agree that was hearsay and inadmissible. But that is not what he said. 8033 makes a distinction between then existing beliefs and not then existing beliefs. And some may quibble with that distinction, but that is the public policy preference as expressed by the text of that rule. And so that is one distinction. And then, of course, we have the prior panel. If I didn't derail you too much, you were finishing Judge Newsom's question. No, no, it's fine. I guess just signaling for the government for when it stands up, I guess I think Willis and Cunningham are just different because it seems to me the core of your argument here is that the statement here was a statement of objective fact. I got FOA. You're seeking to introduce that not to show that he got FOA but that he thought he got FOA. Different. In Cunningham and Willis, the statement, the assertion was I thought. And the purpose of the introduction was to show what he did or didn't think. It just seems to me there's a mismatch between this situation and those. I could be too simplistically reading them, but they seem to me different. You're right, Your Honor. Thank you very much. Mr. Boylan, good morning. Good morning, Your Honor. May it please the court, Eric Boylan on behalf of the United States. This court should affirm the conviction in this sentence because the trial court did not abuse its discretion in excluding the defendant's own statement that was self-serving, unreliable, and violated the rule against hearsay. Let's just focus on hearsay, setting aside self-servingness and unreliability. Why is this hearsay? Sure, Your Honor. From our perspective, Your Honor, this case offers the court a really straightforward application of the rule against hearsay. The defendant's statement was hearsay because statements of fact always contain the subjective belief, an assertion of the declarant's subjective belief. So if I say to Your Honor, you know, the sky is blue, while I'm standing here, I can't see the sky, what I'm really saying to Your Honor is I believe the sky is blue. That's the same thing that is happening in our case where the defendant says I'm not a convicted felon. He doesn't have court documents or something in front of him. What he's really saying is I believe I'm not a convicted felon. So when he offers that statement to prove that he didn't believe that he was a convicted felon, it's being offered for the truth of that assertion. If that's right, then what comes in under 8033? Under 8033, Your Honor? 803 says the following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness. Three, then existing mental, emotional, or physical condition. A statement of the declarant's then existing state of mind, such as motive, intent, or plan, or emotional, sensory, or physical condition. So every time you introduce that, you're introducing it to show state of mind and to show truth of state of mind. But it's not coming in for the underlying factual statement from which the state of mind is derived. So if you're right, what's left of 8033? What comes in under 8033? Well, Your Honor, 8033 relies on extemporaneous statements. No, where does it say extemporaneous statements in the text? Well, Your Honor, I would say then existing, right? That's the then existing. But that's not extemporaneous. Then existing, a statement made at the same time that the condition exists, Your Honor. That's what the rule includes. Okay, so that happened here. I don't think so, Your Honor. This defendant's statement was a backward-looking statement. He's talking about a state of mind that exists for two-plus years. He's arrested two years prior to that. I mean, this is only my perspective. But I think you're mixing up 8033 admissibility with relevance under 801. There is a question about whether or not a statement made in year 3 is too far removed from what happened in year 1 to make the state of mind in year 3 more probative of state of mind in year 1. Yes, Your Honor. But that's not an 8033 problem as I see it. That's a relevance problem. I think those are both issues, Your Honor. So relevance certainly was at issue here, and the trial court ruled on 401, and she said the statement didn't have probative value. That's an independent ground that this court could uphold that decision. That's got to be wrong. It did have probative value. I mean, if you as the government are required to prove knowledge by the defendant that he or she was a convicted felon at the time of possession, a statement by the defendant that they did not believe that they were a convicted felon is certainly probative. You may not find it persuasive, but it's got to be probative. Your Honor, the statement was made two years later. If he took the stand and made the same statement, would you be able to exclude it on relevance grounds? The answer is no. Your Honor, I—  Well, whether or not we could— No, no, no, no, no. Relevance works whether he testifies or doesn't. So if he took the stand and said, during a jailhouse call, I told this person that I didn't think I was a convicted felon because I thought I was convicted under this other provision of Georgia law, and you objected on relevance grounds, what would a district judge rule? I think she could be in within her discretion to say that it was irrelevant because it was so long ago. I acknowledge, Your Honor, that was not the court's primary finding here. She ruled primarily on hearsay grounds on 801. So although I think that she could have done that within her discretion, she was within her discretion, certainly that's not our strongest argument for this case, Your Honor. And so what is your—back to your sort of your front-line argument that every statement of objective fact conveys implicitly something about the speaker's subjective belief as to that fact. Yes. What is the—what are your best cases for the proposition that those statements— I guess you're saying, like, even though not technically hearsay, ought to be, like, come on, treated as hearsay close enough. Our best cases are Willis and Cunningham, Your Honor, and I see that— Do you see the distinction that I'm drawing with Willis and Cunningham? The statement, the assertions in both Willis and Cunningham ran the subjective belief. And so then when at trial those statements are sought to be admitted for subjective belief, well, of course, it's offered to prove the truth of the matter asserted. So I guess I would distinguish Cunningham a little bit. Cunningham, the statement in there was the defendant had been arrested and he fled, and when he was shown the indictment, he said, I thought that was over. Yeah, oh, I thought that was over with. Right? What I thought. Okay. What the court says— He didn't say, oh, that was over with. That's right, Your Honor. That's right. But what the court says is that goes to his belief not about whether the indictment itself actually was over with, but it goes to his belief about consciousness of guilt. And so I distinguish it on that grounds. What the court says in Willis, you know, I understand the distinction, Your Honor, is drawing subjective belief, but it's not for that specific subjective belief in Willis, right? It's I thought the plane contained mail, and it's not admitted for that purpose. The court says it's being admitted for the purpose that I didn't think the plane contained drugs. It seems like if we're talking about Willis, the analogy, the proper analogy for your side would have been had the defendant in Willis said, let me think about this, the plane only contained mail. Not I thought the plane only contained mail. The plane only contained mail. Now that looks like this case. I think that's right, Your Honor. But that's just not what happened in Willis. Well, that's right, Your Honor. But I think the example that Your Honor offers is a closer case for us. That's even better, right? I think that's exactly what's happening here. The defendant is saying, you know, I wasn't a convicted felon. But really what he's admitting, what he's saying is I didn't believe I was a convicted felon. All I'm saying is, like, I think your position has some common sense, intuitive appeal. I'm just not sure it has any support, like legal support. I don't think Willis supports your position. Understood, Your Honor. I read, at least Cunningham, I read differently. I'll take a closer look at Cunningham. How do you deal with Perry? Perry, Your Honor, first and foremost, Perry is an outlier of a case, Your Honor. It doesn't matter to us. We have outliers left and right. It's a binding outlier. We're required to follow it. I acknowledge, Your Honor, it is— The only time you can get around through an outlier comment is if you have a conflict, right? And then you go to the—absent any other tiebreaker. You go to the earliest case on the rule and you follow that one until the court resolves the problem. But here there doesn't seem to be any case that conflicts with Perry. No, and we would read Perry alongside Willis and Cunningham. But we would distinguish Perry on the facts of the case. As we say in our brief, obviously, Perry didn't testify. That matters a lot. Now you say—all right, wait. So you say that matters a lot. Now explain to me why. Yes. Like by reference to the text of the hearsay rule, tell me why that matters. Your Honor, the hearsay rule is concerned with reliability and credibility. Okay, but with respect to the text of the hearsay rule. Yes. Hearsay means a statement that, one, the declarant does not make while testifying at the current trial or hearing, and, two, a party offers an evidence to prove the truth of the matter asserted in the statement. It doesn't have anything to do with whether the person takes the stand. Your Honor, in order to understand the scope of that statement that you just read, the truth of the matter asserted, to understand what statements should be included, what statements should be excluded, we have to understand the purpose of the rule. We have to understand why that rule exists in order to enforce it properly. We have to read that rule in harmony with the other rules, the other hearsay rules, where all of those exist for the purpose of reliability and credibility and ensuring that the fact finder in the case receives reliable evidence. So I agree with you that in discerning what the ordinary reader or hearer of a term or phrase would understand it to mean, we can take account of the purpose of the rule, but we can't allow the purpose of the rule independently to countermand what the text says, right? Do you agree with that? Yes, Your Honor. So purpose might be some constituent of ordinary meaning, but it cannot trump ordinary meaning. Sure, understood. So how then just can the phrase that I just read that says nothing one way or the other about whether someone is on the stand testifying be read to account or to distinguish cases in which the defendant takes the stand? I don't believe that our understanding of those rules, of those reasons, is countermanding the text of the rule, Your Honor. I think we're understanding those reasons to apply that text properly. I think in a case like this, which I would argue is a straightforward case, but arguably is a close case, we have to decide whether the statement at issue falls within the rule or falls outside the rule. We use those reasons to understand how that text, how that rule should properly be applied. I guess the reason I'm skeptical is that it seems to me that the rule writers took account of the whens and wheres of statements and testimony when they said in sub one the declarant does not make the statement while testifying at the current trial or hearing, right? So they've kind of like acknowledged this issue about whether someone is on the stand or not and kind of bracketed it, it seems to me, and made it not the driver of the rule's application. I still think, Your Honor, that that's something for this Court to consider. And I would look at all these cases, Perry, Cunningham, Willis, every one of them considers whether the defendant is testifying or not. That's a matter for concern. And I think when this Court is looking at those cases, looking at the text of the rule, deciding whether it applies within that precedent, the considerations for those courts in those cases should also be considered by this Court in this case. I'll shift, Your Honors, even if we lose on the hearsay issue. Isn't the better way of handling the concerns that you've raised to conduct a 403 analysis and decide whether or not in a given case it's just too difficult, too impossible for the jury to decide whether something is for the truth or not for the truth and that no jury instruction can really limit the role of such testimony but not to exclude it on hearsay grounds? That is certainly an avenue for this Court that is available, Your Honor. The government did argue that. We're not supposed to be exercising that discretion in the first instance. I think the case law, Your Honor, and I'd point to the close case that we cite in our brief, says that this Court can uphold the trial court's discretion on any ground that's supported by the record. And the government certainly argued 403 in this case. I acknowledge that the trial court didn't rule on that ground, but I think that this Court could uphold on that ground. I think a stronger ground for us, Your Honor, is harmless error. In this case, even if the hearsay exclusion was in error, that error was harmless. Now, why is that? Because as I see it, it's kind of a dog's breakfast mixed bag of evidence about whether or not he did or didn't think he got FOA. You're right. You've got some stuff to say. They've got some stuff to say. I would strongly disagree with that, Your Honor. A close reading of the record, the government introduced strong evidence of this defendant's knowledge of his conviction, not just the plea colloquy, not just the trial transcripts, the fact that the defendant ran from the police. When he was arrested, he threw the gun away. He denied owning it. When the police actually arrested him, he said, I know I got a probation warrant, signaling that he did not believe at that moment that he had truly completed first offender. I think all of those things go to an overwhelming sense of the government's evidence in this case. But can't the running be explained by the fact that he was under, in his view, in his perspective, a first offender sentence that had a probationary term? Maybe, Your Honor. Maybe that's possible. We would argue that this is circumstantial evidence. The jury was allowed to make a finding from that that he did not think that he was or that he did not believe. I agree. I agree with you that you had sufficient evidence for the jury to find in your favor on that point. But the question is whether or not we can say confidently that if there's error, it was harmless. It's his own statement about a state of mind and knowledge. And the documentary records weren't crystal clear. Your Honor, I would disagree with that. One thing I would point to, the strongest piece here to counter their argument that those documents were weak, the words first offender were never said at his plea colloquy. They are not in that record anywhere. So I would say that there was no reason for him to believe at that moment that he had taken first offender. Can I ask you a favor? I know your time's up, and I promise I'm not trying to berate you about this. I'm genuinely trying to make sure that I sort of fully understand the hearsay rules operation in cases where parties do and don't testify. So given the language that I read earlier, hearsay means a statement that the declarant does not make while testifying at the current trial or hearing and the party offers it in evidence to prove the truth of the matter asserted. Does that rule apply to a defendant who takes the stand? Like, does the hearsay rule still apply? Yes, certainly. Then I don't think I understand your distinction of parry. Well, well, whatever you said about hearsay there doesn't matter because the defendant took the stand. Well, I mean, the hearsay rule applies when the defendant takes the stand. Sure. Your Honor, what I would say is the statement in parry was more reliable than the statement in our case. One reason was that he took the stand. One reason was that his statement was made prior to his arrest where our defendant's statement was made later. Those things indicate that the statement there was more reliable and, therefore, less violative of the hearsay rule. Okay. All right. Thank you very much. Thank you. Your Honor, Judge Jordan, I appreciate your recognition that, of course, Rule 403 always serves as a backstop to not let in inappropriate evidence, and the district court did not do that analysis. I would just caution that this court does say routinely that we presume that juries know how to follow limiting instructions. Perry has a limiting instruction that distinguishes between a statement offered for the truth and a statement that doesn't. That's all we were asking for this case. I don't want to spend too much time on this, but that instruction is sufficient, this court presumes, to clear up any confusion on the jury between the two. It's very probative. If anything prejudices against us because he's in jail and they didn't know that he was in jail. The jury didn't know. Can I ask you maybe to address what I think is the government's strongest argument, at least intuitively to me, that it does seem a little crazy that your guy can not take the stand and then admit his own exculpatory statement that, like, I didn't do it. That does seem a little unfair. I would say a few things. Number one, the Fifth Amendment right against self-incrimination is a feature, not a bug. Sure. Yeah, so he can definitely choose not to take the stand. And then the question is, but can he introduce this kind of this out-of-court statement that, I didn't do it. I think another cornerstone principle that we routinely uphold is that credibility determinations are the exclusive province of the jury. That is a bedrock foundation. We trust juries to discern between what's credible and what's not. And they can decide it's not credible, just like they could decide that Perry's or the statement from Perry was not credible. I understand. Of course, our primary, if not only argument, is the text of the rules. And we don't need to belabor that point. I think Your Honors fully understand the textual argument. There may be times in which the text applies to a situation where someone might feel like it shouldn't apply in that situation. I mean, I guess it would, on a going-forward basis, if we rule in your favor, it would certainly behoove, given the intricacies of the Rahafe rule, it would certainly behoove every Rahafe defendant to say, wasn't a felon, wasn't a felon, wasn't a felon, wasn't a felon, wasn't a felon. And then their lawyers can introduce it to show that they didn't think they were a felon, and now we're off Rahafe liability. Well, here's how I would respond. In the 45 years since Perry came down, I don't believe that there's been an avalanche of cases. Well, but it's really post-Rahafe, right? I mean, Rahafe has this feature written into it that the government has to prove that your guy knew his status. And so now you've got this wrinkle here where you can say, no, no, no, my guy didn't say he didn't think he was a felon. He said he wasn't a felon. And so we can introduce that. Well, mens rea is always, almost always, a critical element. And in Perry, the mens rea was, did he know, was he intending to deal drugs? People could have gone on the phone for 45 years telling their moms, oh, I was working with undercover agents, and then juries let them all free. We haven't seen that happen because we trust juries to make common sense credibility determinations. And if that's what the government wants to argue, they've presented many excellent closing arguments to the jury today. But that's not what this court is here for. Thank you. Thank you both very much. Thank you.